**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALLSTATE INSURANCE
COMPANY, ALLSTATE INDEMNITY
COMPANY, ALLSTATE FIRE AND
CASUALTY INSURANCE
COMPANY and ALLSTATE
PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Plaintiffs,

v.   Case No:   6:25-cv-409-WWB-LHP

AMBULATORY SURGERY CENTER
OF BOCA RATON, LLC,
ADVANCED AMBULATORY
SURGERY CENTER LLC and
TRICOLI ENTERPRISES, LLC,

      Defendants

**ORDER**

Before the Court is Defendants' Motion to Quash or Modify Plaintiffs' Subpoena to Bank of America.  Doc. No. 27.  Plaintiffs respond in opposition.  Doc. No. 29.  On review, and for the reasons that follow, Defendants' motion (Doc. No. 27) will be denied.

**I.    BACKGROUND.**

Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire and Casualty Insurance Company, and Allstate Property and Casualty Insurance Company instituted this action by complaint filed on March 10, 2025, alleging claims under the Racketeering Influenced Corrupt Organizations Act ("RICO"), the Florida RICO Act, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), common law fraud, civil conspiracy, aiding and abetting, unjust enrichment, and seeking declaratory relief.  Doc. No. 1.  In short, the complaint alleges that Defendants engaged in a scheme to defraud Plaintiffs by submitting or causing to be submitted false/fraudulent records, bills, and invoices seeking to collect payment from Plaintiffs for medical services that were either not actually performed, medically unnecessary, fraudulently billed, or not lawfully rendered. *Id.*  Defendants have answered the complaint.    Doc. No. 17.[1]

Discovery opened on or around May 1, 2025, Doc. No. 21; Fed. R. Civ. P. 26(d)(1), and does not close until August 28, 2026, Doc. No. 24.   On May 30, 2025, Plaintiffs issued a thirty-party subpoena duces tecum to Bank of America, seeking all documents related to all accounts held by Defendants at Bank of America from

---

[1] Plaintiffs resolved their claims against Defendant MIAVIP Medical Staffing LLC and that entity has been dismissed from the case.  *See* Doc. Nos. 19–20.  The remaining Defendants include Ambulatory Surgery Center of Boca Raton, LLC, Advanced Ambulatory Surgery Center LLC, and Tricoli Enterprises, LLC.   Doc. No. 17.

January 1, 2020 to present.  Doc. No. 27, at 4–12.[2]  In response, Defendants have filed a motion to quash the subpoena, arguing that Plaintiffs seek irrelevant information, the bank records are trade secrets because they identify those with whom Defendants do business, and the records contain patient information protected by the Health Insurance Portability and Accountability Act ("HIPAA").  Doc. No. 27.  Plaintiffs oppose, saying that the information sought is relevant to both their substantive claims and damages in this case, courts routinely reject similar arguments to those made by Defendants, and the materials may be designated confidential to assuage concerns about disclosure.  Doc. No. 29.

## II.   LEGAL STANDARDS.[3]

A party may subpoena documents, ESI, or tangible things in a non-party's possession pursuant to Federal Rule of Civil Procedure 45.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  "The scope of discovery under Rule 45 is the same as the scope of discovery under Federal Rule of Civil Procedure 26."  *Digital Assur. Certification, LLC v. Pendolino*, 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *8 (M.D. Fla. Sept. 29,

---

[2] The Court has stayed compliance with the subpoena pending resolution of the motion.  Doc. No. 30.

[3] Defendants assert that they have standing to quash the subpoenas, Doc. No. 27, which Plaintiffs do not contest, Doc. No. 29.  Regardless, Defendants "clearly have standing under Rule 26," *Gov't Emps. Ins. Co. v. Analgesic Healthcare, Inc.*, No. 8:17-cv-1130-T-27AAS, 2018 WL 3427874, at *2 (M.D. Fla. July 16, 2018), so standing is not further addressed herein.

2017) (citations omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The party seeking to enforce a subpoena has the burden of demonstrating the information sought is relevant. *Fadalla v. Life Auto. Prods, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). However, the party opposing a subpoena has the burden of demonstrating that compliance with the subpoena presents an undue burden or that it requires the disclosure of privileged or protected information. *Id.*

### III.  ANALYSIS.

Upon consideration, the Court finds the information sought by the subpoena is relevant and proportional in this case. The complaint alleges a scheme by Defendants, to include transactions back to the year 2018, of submitting false/fraudulent records, bills, and invoices seeking to collect payment for fraudulent medical services. Doc. No. 1. As Plaintiffs argue, Defendants' bank records may be relevant to the fraud, RICO, and conspiracy claims, such that the records may contain evidence of the associations with attorneys and/or physicians identified in the complaint, identify other relevant players to the litigation, and demonstrate how much Defendants realized from the bills generated. *See* Doc. No. 29, at 1–2. *See also, e.g.*, *Gov't Emps. Ins. Co. v. Analgesic Healthcare, Inc.*, No. 8:17-cv-1130-T-27AAS, 2018 WL 3427874, at *2 (M.D. Fla. July 16, 2018) (finding similar

subpoena sought relevant information based on similar factual allegations in the pleadings, and declining to quash it); *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-cv-01479-KOB-HNJ, 2019 WL 4686352, at *6 (N.D. Ala. Feb. 12, 2019) (denying request to quash third-party bank subpoena in fraud and RICO case where plaintiffs demonstrated relevancy of financial documents sought from non-party bank); *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 707 (E.D. Mich. 2017), *aff'd*, 2017 WL 3116261 (E.D. Mich. July 21, 2017) ("[I]nformation from bank records will illuminate the scope and details of the fraud scheme, the involvement and relationships among defendants and related third parties involved in the scheme, how the fraud scheme operated, the structure of the RICO enterprise, and who owns and controls each of the defendant entities as well as who stands to profit from the scheme."); *State Farm Mut. Ins. Co. v. Policherla*, No. 08-13939, 2009 WL 2170183, at *2–4 (E.D. Mich. July 20, 2009) (denying motion to quash similar bank subpoena for financial records over objections that defendants maintained privacy interest in the information, that the information was irrelevant, and that the purpose of the request was to harass defendants).[4]

---

[4] The Court does not find the cases cited by Defendants on this point persuasive, as none concerned a case similar to this alleging a similar fraudulent scheme and attendant RICO violations. *See* Doc. No. 27, at 2; *Kendrick v. Heckler*, 778 F.2d 253, 256 (5th Cir. 1985) (addressing time limitations associated with discovery motion and Rule 45 deposition); *C.H. v. Sch. Bd. of Okaloosa Cty. Fla.*, No. 3:18-cv-2128-MCR-HTC, 2020 WL 6572430, at *3 (N.D. Fla. Nov. 4, 2020) (motion to quash and for protective order regarding subpoena for cell phone records); *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 92–93

As this authority demonstrates, Defendants' concerns over the confidentiality of such materials can be resolved by the parties' confidentiality agreement, and the Court will order that the production of bank records will be subject thereto.  *See Analgesic Healthcare, Inc.*, 2018 WL 3427874, at *2.

## IV. CONCLUSION.

For these reasons, Defendants' motion (Doc. No. 27) is **DENIED**.  It is **ORDERED** that subpoenaed documents from Bank of America must be produced consistent with the confidentiality agreement reached by the parties.  *See* Doc. No. 27, at 3; Doc. No. 29, and 3.  It is further **ORDERED** that the stay regarding compliance with the subpoena (Doc. No. 30) is hereby **LIFTED**.

---

(S.D.N.Y. 2002) ("fishing expedition" into personal banking information in a tortious interference case).

The Court also notes that in the motion, Defendants reference modification of the subpoena to "limit the bank records which must be produced to the cases specifically mentioned in the Complaint or at least as to cases involving Allstate."  Doc. No. 27, at 2.  This argument is not further developed, however, and Defendants cite no legal authority in support.  The Court also notes that Defendants could have requested additional briefing on this issue, but did not.  Doc. No. 26 ¶ 7.  Accordingly, this argument is not further addressed herein.

Similarly, Defendants state in conclusory fashion that the bank records at issue contain patient names which may be protected under HIPAA.  Doc. No. 27, at 2.  But Defendants also do not expand on this argument, nor request additional briefing on the issue, thus the Court does not find this argument dispositive or meriting further analysis. In any event, the Court questions whether patient names alone – when not attached to other medical records – constitute Protected Health Information under HIPAA, as well as whether HIPAA applies to Bank of America.  *See* 45 C.F.R. §§ 160.102(a), 160.103 (defining "covered entity" and "protected health information").

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties