# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALLSTATE INSURANCE
COMPANY, ALLSTATE INDEMNITY
COMPANY, ALLSTATE FIRE AND
CASUALTY INSURANCE
COMPANY and ALLSTATE
PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Plaintiffs,

v.                                                    Case No:   6:25-cv-409-WWB-LHP

AMBULATORY SURGERY CENTER
OF BOCA RATON, LLC,
ADVANCED AMBULATORY
SURGERY CENTER LLC and
TRICOLI ENTERPRISES, LLC,

        Defendants

---

## ORDER

Before the Court is Plaintiffs' Motion to Compel Information and Documents from Defendants. Doc. No. 38. The Court has also received supplemental briefing from Plaintiffs, Doc. No. 43, Defendants' response, Doc. No. 46, and a Court-ordered reply from Plaintiffs, Doc. No. 48. Upon consideration, the Court

finds a sur-reply from Defendants appropriate, on certain targeted issues, next discussed. *See* Doc. No. 26 ¶ 6.

Accordingly, it is **ORDERED** that within **seven (7) days** of the date of this Order, Defendants shall file a sur-reply brief, not to exceed **ten (10) pages** in length, addressing, <u>with citation to applicable legal authority in support</u>, the following:

1. Whether Defendants' submission regarding undue burden, specifically the Affidavit of David Nelson, Doc. No. 46, at 15–16,[1] satisfies Defendants' burden as to this objection, particularly where the Affidavit is relatively conclusory, speaks to emails alone, and does not address the applicability of modern technology or the retention of an outside vendor for conducting the review. *Cf. Interactyx Americas, Inc. v. Dundy*, No. 2:18-cv-534-JES-MRM, 2021 WL 4943584, at *2 (M.D. Fla. Apr. 9, 2021) (rejecting undue burden argument given "the ready availability of third-party vendors capable of assisting").

2. With respect to Request 31 (which falls under "communications"), the Court is having difficulty understanding how the response to the Request is "None." *See* Doc. No. 38-7, at 12; Doc. No. 38-8, at 11–12.[2] Accordingly,

---

[1] Although the "Affidavit" is not notarized, the document otherwise appears to satisfy the requirements of a declaration under 28 U.S.C. § 1746.

[2] The Court notes that Defendants made this same response to Request 30, which Plaintiffs include in their supplemental briefing. *See* Doc. No. 43. However, Request 30

Defendants shall address this issue by sur-reply, including Plaintiffs' contention that it "is not possible" that there are no written communications in this regard, and that Defendants have refused to search for responsive documents. *See* Doc. No. 43, at 7. Likewise, Defendants shall address their response to RFP 10 (which relates to "provision of services"), which provides: "There are no agreements between or among AASC, ASC Boca, and Tricoli Enterprises other than the Operating Agreements," *see* Doc. No. 38-7, at 5; Doc. No. 38-8, at 5, in light of Plaintiffs' contention that Defendants conceded that other agreements are relevant and should be produced, *see* Doc. No. 43, at 10–11, *see also* Doc. No. 38-13, at 2.

3. Provide additional explanation, and in particular citation to legal authority, with regard to Defendants' position that the information sought by Request 29 is irrelevant, as it relates to the costs for the goods and services billed related to each Allstate Insured during the relevant period. *See* Doc. No. 38-7, at 11; Doc. No. 38-8, at 11; *see also* Doc. No. 43, at 10; Doc. No. 46, at 9–10; Doc. No. 48, at 10.

4. Explain, again with citation to applicable authority, why the Court should not overrule any privilege objection made by Defendants for failure

---

is not identified in Plaintiffs' motion to compel, and the Court is only considering discovery requests and interrogatories specifically identified in the motion to compel. *See* Doc. No. 38.

to produce a privilege log in support. *See In re: STANDING ORDER REGARDING PRIVILEGE LOGS*, No. 6:19-mc-32-Orl-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs; *see also Griffin v. Nivel Parts & Mfg. Co., LLC*, No. 3:22-cv-1346-HLA-MCR, 2024 WL 1657221, at *4 (M.D. Fla. Mar. 7, 2024) ("The complete failure of a party to provide a privilege log may result in a waiver of the claimed privilege." (citations omitted)).

5. Explain why several of Defendants' objections should not be summarily overruled and production ordered regarding certain requests, given Defendants' failure to address them in their response, *see, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned), to include:

> (a) All agreements and communications regarding accounts receivable (Request 11 and Interrogatory 11), as Defendants do not address Plaintiffs' contentions in their response. *See* Doc. No. 43, at 12–13; Doc. No. 46; *see also* Doc. No. 38-7, at 5; Doc. No. 38-8, at 5; Doc. No. 38-10, at 5–6; Doc. No. 38-11, at 5.

(b) Request 20, as it relates to Ambulatory Surgery Center of Boca Raton, LLC, given that this Defendant stated that it would produce responsive documents and Plaintiffs say that it has not, and Defendants do not respond to this argument. *See* Doc. No. 38-7, at 8; *see also* Doc. No. 43, at 13; Doc. No. 46.

(c) Request 8, given that Defendants agreed to produce marketing materials, Plaintiffs say that they have not, and Defendants do not respond to this argument. *See* Doc. Nos. 38-7, at 4; Doc. No. 38-8, at 4; *see also* Doc. No. 38-13, Doc. No. 43, at 13; Doc. No. 46.

(d) Request 24, related to certifications, which Defendants do not address in response. Doc. No. 43, at 14–15; Doc. No. 46; *see also* Doc. No. 38-7, at 9–10; Doc. No. 38-8, at 9–10.

(e) Defendants' agreement to serve supplemental interrogatories, which Plaintiffs contend they have not, and which Defendants do not address in response. *See* Doc. No. 43, at 14; Doc. No. 46; *see also* Doc. No. 38-13.

6. Any other issue raised by Plaintiffs' briefing (Doc. Nos. 38, 43, 48) that Defendants deemed relevant to resolution of the present dispute.

Defendants are **DIRECTED** that in responding to these inquiries, they shall provide citation to the specific Request or Interrogatory they are addressing with respect to each argument made.

The parties are reminded of the obligation to continue to confer concerning this dispute and to notify the Court if they resolve the motion in whole or in part. *See* Doc. No. 26 ¶ 8. Upon receipt of Defendants' sur-reply, the Court will take the matter under advisement, and schedule further proceedings as necessary and appropriate. *See id.* ¶ 6.

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2025.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record